## CARPENTER *v.* UNITED STATES.

*(Circuit Court, S. D. Ohio, W. D.   April 8, 1890.)*

1. CLAIMS AGAINST UNITED STATES—SOUNDING IN TORT—JURISDICTION.
    In an action by a government officer against the United States for indemnity against his liability for damages for the seizure of a flat-boat, if it be viewed as sounding in tort, a demurrer to the petition will be sustained under Act Cong. March 3, 1887, c. 359, § 1, excluding actions of tort from the jurisdiction of the court.

2. SAME—EX CONTRACTU—LIMITATIONS.
    If the action be considered as on implied *assumpsit*, the demurrer will still be sustained, under subdivision 2 of same section, limiting the bringing of such suits to six years after right accrued, where it appears that the seizure was made more than six years before suit brought, as the liability of the United States accrued then, and not when the owner of the boat recovered damages against plaintiff.

At Law.   On demurrer.
*Bateman & Harper*, for plaintiff.
*John W. Herron*, for defendant.

SAGE, J.   If this case is to be considered as sounding in tort, the demurrer to the petition must be sustained for the reason that the act of March 3, 1887, under which it is brought, excludes from the jurisdiction of the court cases sounding in tort.   If it is to be considered as an action upon an implied *assumpsit*, the demurrer must be sustained for the reason that the right accrued in 1873, and this action was brought in 1889, whereas the act of March 3, 1887, makes it a condition precedent to the right to sue that the action shall be brought within six years after the right accrued for which the claim is made.   It is true that the petition alleges the material facts of the action brought by the owner of the flat-boat against the plaintiff, and a notification to the United States attorney in the city of Pittsburgh, and the further fact that he assumed the defense of said suit.   It is also alleged that Col. Merrill, the plaintiff's superior officer, was by him notified of said suit.   The petition sets forth, also, that a judgment was recovered against the plaintiff, which he was compelled to and did pay on the 6th day of May, 1886, which was within six years of this suit.   But, if we are to treat the suit as upon an implied *assumpsit*, the claim accrued against the United States when its officer took possession of and used the flat-boat, in 1873, and was not postponed until 1886, when the plaintiff was compelled to pay the claim made against him.   The owner of the flat-boat looked, as he had a right to do, to the plaintiff.   The plaintiff had the right either to treat the taking of the boat by the government officer as tortious, and sue him individually, or, waiving the tort, make his claim against the government for the use of the flat-boat.   The right of the plaintiff to assert his claim for that use did not depend upon the recovery against him by the owner of the flat-boat.

The case is a hard one, but the plaintiff's only means of redress is through an appeal to congress.   The demurrer is sustained, and the petition will be dismissed.